**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TEIJIN LIMITED,<br>TEIJIN PHARMA LIMITED, and<br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>DR. REDDY'S LABORATORIES, LTD. and<br>DR. REDDY'S LABORATORIES, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 13-1780 (SLR) |
| TEIJIN LIMITED,<br>TEIJIN PHARMA LIMITED, and<br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 13-1781 (SLR) |
| TEIJIN LIMITED,<br>TEIJIN PHARMA LIMITED, and<br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 13-1851 (SLR) |

| | |
|---|---|
| TEIJIN LIMITED,<br>TEIJIN PHARMA LIMITED, and<br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUN PHARMA GLOBAL FZE and<br>CARACO PHARMACEUTICAL<br>LABORATORIES, LTD.,<br><br>Defendants. | Civil Action No.:  13-1852 (SLR) |
| TEIJIN LIMITED,<br>TEIJIN PHARMA LIMITED, and<br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEMBIC PHARMACEUTICALS<br>LIMITED,<br><br>Defendant. | Civil Action No.:  13-1939 (SLR) |
| TEIJIN LIMITED,<br>TEIJIN PHARMA LIMITED, and<br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS USA, INC. and<br>CADILA HEALTHCARE LIMITED<br>(d/b/a ZYDUS CADILA),<br><br>Defendants. | Civil Action No.:  13-2086 (SLR) |

| | |
|---|---|
| TEIJIN LIMITED, <br> TEIJIN PHARMA LIMITED, and <br> TAKEDA PHARMACEUTICALS U.S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> RANBAXY LABORATORIES LIMITED, <br> RANBAXY PHARMACEUTICALS, INC., and <br> RANBAXY INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No.:  14-117 (SLR) |
| TEIJIN LIMITED, <br> TEIJIN PHARMA LIMITED, and <br> TAKEDA PHARMACEUTICALS U.S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> HETERO USA, INC. and <br> HETERO LABS LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No.:  14-166 (SLR) |
| TEIJIN LIMITED, <br> TEIJIN PHARMA LIMITED, and <br> TAKEDA PHARMACEUTICALS U.S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED and <br> LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No.:  14-184 (SLR) |

|  |  |  |
|---|---|---|
| TEIJIN LIMITED, | ) | |
| TEIJIN PHARMA LIMITED, and | ) | |
| TAKEDA PHARMACEUTICALS U.S.A., INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.:  14-189 (SLR) |
| v. | ) | |
| | ) | |
| ROXANE LABORATORIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this ___ day of March, 2014, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures:**   The parties will exchange by **May 1, 2014** the information required by Fed. R. Civ. P. 26(a)(1).

2.      **Discovery**

(a)      Any issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b)      Discovery will be needed on the following subjects:   validity of U.S. Patent No. 6,225,474 ("the '474 patent"), U.S. Patent No. 7,361,676 ("the '676 patent"), and/or U.S. Patent No. 8,372,872 ("the '872 patent"), and infringement of one or more of these patents by Defendants.

(c)      All fact discovery shall be commenced in time to be completed by **December 17, 2015**.

(1)      Plaintiffs[1] collectively may serve on each Defendant[2] a maximum of twenty-five (25) interrogatories (including subparts).   Defendants collectively may serve on Plaintiffs collectively a maximum of twenty (20) interrogatories (including subparts) directed to common discovery issues.  In addition, each Defendant may serve up to seven (7) individualized interrogatories on Plaintiffs that are directed to issues specific to that Defendant.[3]  These totals include contention interrogatories.

(2)      Plaintiffs will identify, by patent and claim number, the claims to be asserted against each Defendant no later than thirty (30) days before the date for completion of document production.

(3)      Contention interrogatories shall first be addressed by the party with the burden of proof no later than the date for completion of document production, with the responsive answers due within thirty (30) days.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides – *i.e.*, the more detail a party provides, the more detail a party shall receive.

(4)      Plaintiffs collectively may serve on each Defendant a maximum of forty (40) requests for admission.  Defendants collectively may serve on Plaintiffs collectively a maximum of forty (40) requests for admission directed to common discovery issues.  In addition,

---

[1]      "Plaintiffs" is a collective term that encompasses all Plaintiffs named in this action and includes Teijin Limited, Teijin Pharma Limited, and Takeda Pharmaceuticals U.S.A., Inc.

[2]      "Defendant" (singular) refers to each individual defendant group named in a particular case. For example, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. are considered one "Defendant." "Defendants" (plural) refers to all defendant groups collectively.

[3]      Plaintiffs also agree that one of the seven individualized interrogatories that may be served by Roxane may be directed to a legal issue that is also encompassed within the twenty common interrogatories that may be served by Defendants collectively.

each Defendant may serve up to ten (10) individualized requests for admission on Plaintiffs that are directed to issues specific to that Defendant.[4]  These limitations do not apply to any requests for admission for the purpose of authentication or for establishing that a document is a business record or a learned treatise.

(5)    Discovery    of    paper    and    electronic    documents (hereafter, "e-discovery") shall be completed on or before **August 7, 2015**.  In the absence of agreement among the parties or by order of the Court, the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" ("Default Standards") shall govern e-discovery in this case.[5]  The Court shall conduct a telephonic status conference on **June 10, 2015 at 4:30 p.m.**, to discuss any discovery disputes that have arisen and are appropriate for Court intervention at that time.  The Court may conduct follow-up conferences as needed.

(6)    Plaintiffs collectively may take a maximum of thirty-five (35) hours of fact depositions of each Defendant, including depositions of any Fed. R. Civ. P. 30(b)(6) witnesses and third party witnesses.  Each fact deposition by Plaintiffs is limited to a maximum of seven (7) hours, except that each fact deposition by Plaintiffs that requires an interpreter is limited to a maximum of ten and one-half (10.5) hours.

(7)    Defendants collectively may take a maximum of one hundred and fifty (150) hours of fact depositions of Plaintiffs collectively, including depositions of any Fed.

---

[4]      Plaintiffs also agree that one of the ten individualized requests for admission that may be served by Roxane may be directed to a legal issue that is also encompassed within the forty common requests for admission that may be served by Defendants collectively.

[5]      The parties have agreed that Paragraphs 4(a)-4(d) of the Default Standards shall not apply in this case.

R. Civ. P. 30(b)(6) witnesses and third party witnesses.  With the exception of depositions of the named inventors of the patents-in-suit, each fact deposition by Defendants is limited to a maximum of seven (7) hours, except that each fact deposition by Defendants that requires an interpreter is limited to a maximum of ten and one-half (10.5) hours.  Any time over the seven (7) hour limit for an interpreter shall not count towards Defendants' one hundred and fifty (150) hour limit.  Each inventor deposition by Defendants is limited to a maximum of fourteen (14) hours.

(8)      In the absence of agreement among the parties or by order of the Court, no deposition shall be scheduled prior to the completion of document production.

(d)      Expert discovery shall be commenced in time to be completed by **October 14, 2016**.  An in-person status conference shall be conducted on **August 10, 2016 at 4:30 p.m.**, if the parties have any issues to raise with the Court regarding expert discovery.  No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the Court at this conference, and the Court deems a motion practice appropriate.

(1)      Expert reports on issues for which a party has the burden of proof are due on **March 24, 2016**.  Rebuttal expert reports are due on **June 2, 2016**.  Plaintiffs shall include any expert opinions on objective indicia of nonobviousness in their rebuttal reports.  Reply reports, including Defendants' rebuttal reports on objective indicia of nonobviousness, are due **July 21, 2016**.

(2)      **Expert depositions:**

The parties agree that a modification of the time limits set forth in Fed. R. Civ. P. 30 may be appropriate with respect to the length of expert depositions in this case, and the parties further recognize that the length of certain expert depositions may exceed seven (7)

- 4 -

hours.   The parties shall meet and confer in good faith after receipt of expert reports on the issue

of deposition time for expert witnesses, and the parties will make reasonable accommodations to

avoid the need for resort to the Court.  A status conference with the Court shall be scheduled if

no agreement is reached.

(e)        Supplementations under Fed. R. Civ. P. 26(e) are due **December 17, 2015**.

(f)        **Discovery Disputes**

(1)        The Court shall conduct an in-person discovery status conference

on **September 16, 2015, at 4:30 p.m.**, the time to be allotted equally among the parties.  No

motions to compel or for protective order shall be filed absent prior approval of the Court.

(2)        The court shall remain available to resolve by telephone

conference disputes that arise during the course of a deposition.

(g)        **Fact Witnesses to be Called at Trial:**  By **March 16, 2017**, each party

shall serve on the other parties a list of each fact witness (including any expert witness who is

also expected to give fact testimony) who has previously been disclosed during discovery and

that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party

shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have

the right to depose any such fact witnesses who have not previously been deposed in this case.

Such deposition shall be held within one (1) month after service of the list of rebuttal fact

witnesses and shall be limited to twenty (20) hours per side in the aggregate, unless extended by

agreement of the parties or upon order of the Court upon good cause shown.

3.        **Joinder of Other Parties and Amendment of Pleadings:**  All motions to join

other parties and amend the pleadings shall be filed on or before **October 9, 2015**.

4.      **Settlement Conference:**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[6] for the purposes of exploring ADR.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5.      **Claim Construction Issue Identification:**  If the Court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction on **January 14, 2016** and shall provide their proposed claim construction of those terms on **February 11, 2016**.  This document will not be filed with the Court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted in accordance with Paragraph 7 below.

6.      **Claim Construction:**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **November 4, 2016**, with the claim chart separately docketed.  The Joint Claim Construction Statement shall include an identification of intrinsic and extrinsic evidence upon which a party may rely in support of its proposed construction.

Plaintiffs shall serve and file their opening brief on claim construction on or before **December 1, 2016**.  Defendants shall serve and file their answering claim construction brief on

---

[6]      The Court may also refer ADR to a Special Master.

or before **January 13, 2017**.   Plaintiffs shall serve and file their reply brief on or before **February 9, 2017**.  Defendants shall serve and file their sur-reply brief on or before **March 9, 2017**.

7.      **Summary Judgment Motions:**   Summary judgment motions shall not be filed in this case without leave of court.

8.      **Applications by Motion:**   Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)      Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)      No telephone calls shall be made to chambers.

(c)      Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to  slr_civil@ded.uscourts.gov.   The e-mail shall provide a short statement describing the emergency.  **No attachments** shall be submitted in connection with said emails.

9.      **Motions** *in Limine*:  **No** motions *in limine* shall be filed.  Instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial, before and after the trial day.

10.      **Pretrial Conference:**   A pretrial conference and claim construction hearing will be held on **May 26, 2017 at 9:30 a.m.,** in Courtroom 4B, Fourth Floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del LR 16.3 shall govern the pretrial conference.

11.     **Trial:**  This matter is scheduled for an eight (8) day bench trial commencing on **June 12, 2017**, in Courtroom 4B, Fourth Floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.


_____
The Honorable Sue L. Robinson
United States District Judge

- 8 -